UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GERALD A. PRINCE, JR., | |
| Plaintiff, | |
| | Case No. 25-cv-11985 |
| v. | |
| | Honorable Robert J. White |
| DANA NESSEL, | |
| Defendant. | |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

I.     Introduction and Background

Gerald A. Prince appears to have commenced this action under 42 U.S.C. § 1983 against Michigan Attorney General Dana Nessel, claiming that Michigan's expungement statute violates the Equal Protection Clause to the United States and Michigan Constitutions.[1]  The complaint also alleges that the expungement statute runs afoul of Title VII of the Civil Rights Act of 1964.

---

[1] Prince further contends that the expungement statute violates the "Freedom from Discrimination Articles" in the United States and Michigan Constitutions. (ECF No. 1, PageID.1).  It is unclear where these "articles" are enumerated in either document.

Prince challenged the expungement statute on the same grounds almost two years ago. (Case No. 23-12226, ECF Nos. 1, 7).  In that case, he sued the State of Michigan rather than the state's attorney general.  The Court dismissed the complaint with prejudice and denied Prince leave to amend it. (*Id.*, ECF No. 22).  The United States Court of Appeals for the Sixth Circuit affirmed that decision just recently. (*Id.*, ECF No. 26).

Before the Court is Prince's *pro se* application to proceed *in forma pauperis*. (ECF No. 2).  For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint with prejudice.

II.   Legal Standards

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory,"

"clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

III.    Analysis

    *A.    Res Judicata – Claim Preclusion*

At the outset, Prince's current *pro se* action cannot overcome the preclusive effects of res judicata.  That doctrine, also known as claim preclusion, is triggered when a final judgment on the merits bars a subsequent action between the same parties or their privies and involves the same claims or causes of action that were or could have been raised in the previous action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

Res judicata applies when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane*, 71 F.3d at 560.

Although an affirmative defense, federal district courts may raise "the doctrine of res judicata sua sponte in the interest of judicial economy" when dismissing a case under 28 U.S.C. § 1915(e)(2). *Johnson v. United States*, 37 F. App'x 754, 755 (6th Cir. 2002); *see also Holloway Const. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

All the criteria for invoking res judicata are present here. The prior litigation resulted in a final decision on the merits in the State of Michigan's favor. (Case No. 23-12226, ECF Nos. 22-23). *See* Johnson, 37 F. App'x at 755 ("The dismissal of Johnson's prior lawsuit under § 1915(e) constitutes an adjudication on the merits for purposes of res judicata."); *see also Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

The previous action and the current litigation involve the same parties because Prince is the plaintiff and the defendant, Michigan Attorney General Dana Nessel, is in privity with the State of Michigan. *See Leirer v. Ohio BMV Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007) (affirming the dismissal of an official capacity claim against a state official on res judicata grounds in part because she was in privity with the previous defendant – the State of Ohio); *see also Perry v. Croucher*, No. 97-3033, 1998 U.S. App. LEXIS 21621, at *22-23 (6th Cir. Aug. 31, 1998) ("Generally, an official sued in his or her official capacity is in privity with the governmental entity."); 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4458 (3d ed. May 2025 Update) (same).

4

The claims asserted in the present lawsuit were litigated in the prior case. (*Compare* ECF No. 1 *with* Case No. 23-12226, ECF Nos. 1, 7). And the claims raised in the present lawsuit possess an identity with those asserted in the first action since they factually overlap enough to "aris[e] from the same transaction." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011) (citation omitted); *see also Stanislaw v. Thetford Twp.*, No. 20-1660, 2021 U.S. App. LEXIS 21407, at *18 (6th Cir. Jul. 19, 2021).

Because the instant lawsuit "simply reassert[s] the same claims and causes of action against" the State of Michigan's privy, *i.e.*, the state's attorney general, "arising out of the same facts as asserted in the prior suit, it is barred by res judicata." *Johnson*, 37 F. App'x at 755.

### B.    The Merits

Even if Prince's allegations could somehow evade the res judicata doctrine they must still be dismissed because they are implausible. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 1.    Equal Protection – The Federal Constitution

The Fourteenth Amendment to the United States Constitution prohibits states from "denyin[g] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Section 5 to the Fourteenth Amendment empowers Congress to "enforce this article through appropriate legislation." *Id.* at §

5.  Congress enacted 42 U.S.C. § 1983 pursuant to its power under section 5 to enforce the Amendment's substantive provisions. *See Ngiraingas v. Sanchez*, 495 U.S. 182, 187 (1990).  The statute precludes any "person" acting "under color" of state law from depriving "any citizen of the United States or other person within the jurisdiction thereof . . . of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

With certain exceptions (that are inapplicable here), Michigan's expungement statute authorizes "a person convicted of 1 or more criminal offenses, but not more than a total of 3 felony offenses," to apply to a state court to have all those convictions "set aside." Mich. Comp. Laws § 780.621(1)(a).[2]  Prince challenges the statute on equal protection grounds because it does not apply to people like him, *i.e.*, anyone convicted of *more than* 3 felony offenses. (ECF No. 1, PageID.1) ("A combination of misdemeanor[s] & felonies totaling 4, denies a person setting aside anything.").

To state a plausible Fourteenth Amendment equal protection claim, Prince must allege that "the government treated [him] disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right,

---

[2] Prince challenges "MCL 780.621(c)" in his filings. (ECF No. 1, PageID.1).  But that provision solely defines the statutory term "Felony." Mich. Comp. Laws § 780.621(c).  From the statutory language referenced in the complaint, it seems that Prince actually objects to Mich. Comp. Laws § 780.621(1)(a).

targets a suspect class, or has no rational basis." *Courser v. Allard*, 969 F.3d 604, (6th Cir. 2020) (quotation omitted).  Prince's allegations do not fall within any one of these categories.

The expungement of criminal convictions is not a fundamental right. *See Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980) ("The right to expungement of state records is not a federal constitutional right."); *see also Pilot v. Snyder*, No. 16-2044, 2017 U.S. App. LEXIS 18269, at *4 (6th Cir. May 11, 2017); *cf. Bird v. Summit Cty.*, 730 F.2d 442, 444 (6th Cir. 1984) ("A state is not constitutionally required to expunge an arrest record.").

Convicted felons are not a suspect class. *See, e.g., Romero v. Pataki*, 241 F. App'x 764, 766 (2d Cir. 2007) ("Convicted felons, however, are not a suspect class."); *United States v. Barragan-Flores*, 182 F. App'x 576, 577 (7th Cir. 2006) ("convicted felons are not a suspect class.").

And the statute's disparate treatment between individuals convicted of "not more than a total of 3 felony offenses" and those whose convictions exceed this numerical limitation is rationally related to a legitimate governmental interest.  The state may legitimately decide that individuals with more than 3 felony convictions present a heightened risk of danger to the community and are, therefore, ineligible for expungement. *See Sifuentes v. Michigan*, No. 24-10827, 2024 U.S. Dist. LEXIS 212225, at *3-4 (E.D. Mich. Nov. 21, 2024) (declining to invalidate Michigan's

7

expungement statute under the Equal Protection Clause because "[p]laintiff's crime being more serious provides a rational basis to treat it differently.").

For all these reasons, the complaint fails to allege a plausible claim for relief under the federal version of the Equal Protection Clause.[3]

### 2.    Equal Protection – the Michigan Constitution

The state equal protection claim fails for a separate reason. Michigan's state "sovereign immunity, guaranteed by the Eleventh Amendment of the United States Constitution, precludes plaintiffs from suing the state in federal court to remedy a violation of . . . the Michigan Constitution." *Bauserman v. Unemployment Ins. Agency*, 509 Mich. 673, 710 (2022). Likewise, "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 121 (1984); *see also Ladd v. Marchbanks*, 971 F.3d 574, 582 (6th Cir. 2020) ("[T]o the extent Plaintiffs seek equitable relief against [the Director of the Ohio Department of Transportation] for violating the Ohio

---

[3] The Michigan Supreme Court views the right to equal protection afforded under the Michigan Constitution as "coextensive with those provided under the United States Constitution." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 n.2 (6th Cir. 2011); *see also TIG Ins. Co. v. Revenue Div.*, 464 Mich. 548, 563 (2001). So the substantive analysis (and the ultimate resolution) would be the same under either provision. The Court will not address the state equal protection claim's merits, however, because the Eleventh Amendment to the United States Constitution precludes entertaining this cause of action in federal court. *See supra* Section III.B.2.

Constitution, we have no authority to grant it."). So Prince cannot either resort to the Michigan Constitution to sue the state's attorney general in federal court.

### 3. Title VII

Lastly, Prince maintains that the expungement statute violates Title VII of the Civil Rights Act of 1964. (ECF No. 1, PageID.1). Congress enacted Title VII to combat discriminatory employment practices. *See* 42 U.S.C. § 2000e-2. And it abrogated Eleventh Amendment immunity for Title VII claims when it included states in the statutory definition of "employer." 42 U.S.C. § 2000e(b); *Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1177-78 (6th Cir. 1987).

The problem for Prince is that the complaint does not plausibly allege that he ever held state employment.[4] And, what is more, Title VII "was not designed" or "intended to protect convicted felons." *Averitt v. Cloon*, 796 F.2d 195, 198 (6th Cir. 1986); *see also Roberts v. Kalamazoo Cty. Gov't*, No. 18-1244, 2019 U.S. Dist. LEXIS 42389, at *2 (W.D. Mich. Mar. 15, 2019). So the Title VII claim cannot withstand dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly,

---

[4] Even if Prince had held state employment, he could not file a Title VII claim against the state attorney general as his "employer." He would instead be required to sue the state agency that "has the authority to make key employment decisions, and exercises control over the manner and means of its employees' work." *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003).

IT IS ORDERED that Prince's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that Prince may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 9, 2025            s/Robert J. White_____
                               Robert J. White
                               United States District Judge